## Henrietta Crouch, Appellee, v. City of Centralia, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Marion county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed May 1, 1915.

### Statement of the Case.

Action by Henrietta Crouch against the City of Centralia for personal injuries sustained by her in falling from a cross walk into a ditch. From a judgment for $2,500 in her favor, the defendant appeals.

The only question presented by the appeal was the extent and permanency of the plaintiff's injuries. The evidence showed that in the nighttime the plaintiff fell from an unguarded cross walk into a ditch three and a half feet in depth. After lying there for some little time, she got out and then went to a neighbor's and returned home by the team road. From her fall she received bruises in two places on her left arm and on the right. Her left ankle was sprained, there was a bruised spot below the knee, and two ribs were broken. She claimed that her most serious injury was to her back and head; that her nerves were seriously affected, that times while walking she would stagger against things, and that on one or two occasions this caused her to fall down; that when she walked along she had to catch hold of things to balance herself, and that her neck and back were still hurting her at the time of the trial. She was fifty-two years of age; and before her injury was strong, in good health and able to do all kinds of work. After it, she became emaciated and unable to perform her household duties. A physician who attended her after the accident testified that he found her suffering from

the troubles above mentioned; that her injuries would disable her more or less for the balance of her life, and that her nervousness might or might not be cured. Defendant contends that the judgment should be reversed and the cause remanded because at the time of the trial it was impossible to determine whether the result of the injuries complained of were permanent or not. The injury was received November 1, 1913. Plaintiff commenced her suit December 22, 1913, and the cause was tried February 5 and 6, 1914, which defendant asserts was too short a time for it to be determined whether the consequences of her injuries were going to be lasting and permanent. Another physician, sworn as an expert, testified that he should judge from the condition and injuries that there had been some injury to the plaintiff's spinal cord, one of the nervous centers, and that such conditions were usually permanent. Another physician stated that the plaintiff's symptoms indicated disturbances, diseases or affections of the nervous system, and that he could not state positively whether the injuries would be permanent or not. The attending physician also testified that plaintiff's injury "might be what is called traumatic neurosis."

The defendant went to trial without objection, offered no evidence whatever bearing on the question of damages, and made no claim, in support of its motion for a new trial, that there was any newly-discovered evidence, or any other facts known to it, bearing upon the question of the measure of damages, other than that shown by the evidence.

W. G. MURPHEY and S. L. DWIGHT, for appellant.

BUNDY & WHAM and L. B. SKIPPER, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. DAMAGES, § 116*—*when damages not so excessive as to warrant reversal to determine permanency of nervous injury.* An award of $2,500 damages in an action against a city for personal injuries, *held* not so excessive as to require a reversal in order to give the defendant sufficient time to determine whether an injury to the plaintiff's nervous system was permanent, where her right to recover did not rest upon the question whether she was suffering from traumatic neurosis.

2. EVIDENCE, § 424*—*when opinion evidence that injury caused existing physical condition admissible.* A physician may testify, in an action for personal injuries, that the plaintiff's condition, as detailed to the witness, indicated that it was the result of some injury.